## Luchka v. Metropolitan Life Insurance Company.

*Evidence—Public records—State Commissioner of Health—Records of dispensary—Claim of privilege—Attachment.*

1. Where fraud is alleged by an insurance company in statements made as to health by the insured, the company has a right to compel the State Commissioner of Health to produce the records of a State dispensary as evidence to establish the fraud.

2. The commissioner cannot avoid producing the records on the ground that they are privileged and that their publication would be inexpedient for the public interest and injurious to the public service and to the interests of the Commonwealth.

Petition for attachment. C. P. Delaware Co., Dec. T., 1921, No. 1016.

*J. D. Ledward,* for plaintiff; *W. R. Fronefield,* for defendant.

*Fred Taylor Pusey,* Deputy Attorney-General, for Dr. Martin.

HAUSE, J., 15th judicial district, specially presiding, Nov. 1, 1922.—The life of plaintiff's husband was insured in her favor by defendant company. The husband died within a year of the date of the policy. When his medical examination for the insurance occurred, he was asked, among other questions, whether he had ever had tuberculosis. His answer was, "No." To the action on the policy, defendant asserted that that was false; that the insured at the time of his application was, and had been for some time prior thereto, suffering from tuberculosis, and had been treated therefor at the Chester dispensary for tuberculosis prior to the date of his medical examination.

To establish this defence, Dr. Edward Martin, State Commissioner of Health, appointed by the Governor of the Commonwealth, was duly subpœnaed as a witness, to appear in person and produce the dispensary records which are under his control and in his keeping. Upon the advice of the Attorney-General of the Commonwealth, the witness refused to produce the records and to testify, whereupon defendant's counsel moved that an attachment issue. Counsel for plaintiff stated to the trial judge that he had no objection to the production and introduction of these records.

Luchka v. Metropolitan Life Insurance Company.

Dr. Martin has, personally, no disposition to disobey the subpœna, but does so as a matter of claimed privilege in view of his official capacity. In his answer, as it appears in the notes of testimony, he states, as the reason for his refusal, this: "As the head of an executive department of the Commonwealth, I cannot be required to produce, even on subpœna from the courts, any of the records of said department, the publication of which I deem inexpedient for the public interest and injurious to the public service and to the interests of the Commonwealth, as I do the papers which I have been requested to produce in court." The excuse thus given is based on the conclusion announced in Hartranft's Appeal, 85 Pa. 433.

With the general proposition stated in the case referred to, there can be no contention, but, in our judgment, it has no application to the situation here presented. The disclosure of what are commonly termed "State secrets" cannot be compelled (5 Chamberlayne on Evidence, § 3708), and this was the basis of the ruling in the Hartranft case. The reason upon which this proposition rests is because executive officers are not to be rendered liable for acts done in their official capacities: 4 Wigmore on Evidence, § 2368. The Commissioner of Health is required, by one of the statutes regulating his department, to make an annual report to his superior—the Governor. If the Governor or he were asked to divulge the contents of that document at the trial of a cause, there could be no question as to his right to refuse so to do. But the fact that he is the head of a department of the State government, with records, such as those here involved, under his control and in his custody, does not, as we view it, clothe him with authority to say that he will not produce them when required by a co-ordinate branch of the government, and this because such records are not privileged so far as he is concerned: Hawthorne v. Delano, 167 N. W. Repr. 196. It is within the power of the legislature to place the seal of secrecy on records of this kind, but until that transpires, they must be produced: White Co. v. Murphy, 101 Atl. Repr. 357.

If the witness's position is sound, then the door to the records of every institution under State control and management is closed to the gaze of a jury in the trial of a cause in which those records are essential, pertinent and admissible as evidence. If it were necessary to prove in a controversy over a will that at the date of the will the testator was confined in the State Hospital for the Insane at Norristown, the board of managers could decline to produce the hospital records showing that fact, on the ground that they, the managers, are a part of the executive arm of the State government. So, too, if it were desired to establish the fact that a person had been injured in a coal mine and had been confined in the "State Hospital for Injured Persons of the Middle Coal Field" at a certain time, the board of managers, appointed by the Governor, could refuse to exhibit their records demonstrating the fact on the same ground. When one person is attempting, as is alleged here, to perpetrate a fraud on another, how can it be successfully contended that it is "inexpedient for the public interest and injurious to the public service and to the interests of the Commonwealth" to produce the records of a State institution, the result of which may be to throttle the attempt, if such there be. The information here sought is relevant and pertinent to the issue to be tried. The records called for do not affect the operations of the Commonwealth as a commonwealth, or any of her officers or agents in their official capacities.

We are of the opinion that the witness must appear and produce the records referred to. The application made is granted and an attachment is directed to issue against Dr. Edward Martin.